IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STUMPF CANNON FASTHOFF PC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> § <br> JOHN DOE AND DOMAINS BY § <br> PROXY, INC., § <br> § <br> Defendants. § | CASE NO. _____ <br><br> JURY DEMANDED |

_____

PLAINTIFF'S ORIGINAL COMPLAINT
_____

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff, Stumpf Cannon Fasthoff PC ("SCF") files this original complaint against John Doe ("Doe") and Domains By Proxy, Inc. ("Proxy"), respectfully showing the Court as follows:

## I. INTRODUCTION

1.  In this case SCF asserts violations of the Anticybersquatting Consumer Protection Act, 11 U.S.C. § 1125(d) and the Lanham Act, 15 U.S.C. § 1125(a), and seeks damages, an injunction restraining Doe from infringing SCF's trademark rights, and a judgment ordering the transfer of the domain name <stumpfcannonfasthoff.com> to SCF.

## II. PARTIES

2.  SCF is a Texas professional corporation. Its principal place of business is located at 1177 West Loop South, Houston, Texas 77027.

3.  John Doe's identity is not known with certainty at this time. Upon discovering his identity, SCF will amend the Complaint and serve him with process under the FEDERAL RULES OF

CIVIL PROCEDURE.

4. Proxy is an Arizona corporation with its principal place of business located at 14455 N. Hayden Rd. #219, Scottsdale, Arizona 85260. Proxy regularly engages in business in Texas and is required by statute to designate or maintain a resident agent, but it has failed to do so. Process may be served upon the Texas Secretary of State under TEXAS CIVIL PRACTICE & REMEDIES CODE § 17.044(b), who shall then forward process to Proxy's statutory agent in Arizona, Sherry Delgado, at Proxy's registered office located at 14455 N. Hayden Rd. #219, Scottsdale, Arizona 85260, or as otherwise provided by FEDERAL RULE OF CIVIL PROCEDURE 4.

### III. JURISDICTION & VENUE

5. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338; and 15 U.S.C. §§ 1125. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c). The Court has personal jurisdiction over Defendants because they have conducted business and committed tortious conduct in this judicial district, and because Proxy has continuous and systematic contacts with Texas and this District.

### IV. FACTUAL BACKGROUND

6. SCF is a law firm whose shareholders include Fred W. Stumpf, Clayton C. Cannon and Henry ("Hank") J. Fasthoff, IV.

7. SCF provides legal services in intrastate and interstate commerce under the mark STUMPF CANNON FASTHOFF (the "Trademark"), and it is the sole owner of all rights in and to the Trademark.

8. SCF has expended considerable time, effort and money advertising, marketing and promoting its services under the Trademark, including on the firm's website located at www.stumpfcannon.com, on blogs such as EntertainmentLitigation.com, and on LinkedIn,

Twitter, JD Supra, Justia, Avvo, and other social media outlets, as well as through numerous other trade channels.

9. The Trademark is inherently distinctive.

10. On June 2, 2010, an unknown third party, Doe, registered the domain name <stumpfcannonfasthoff.com> (the "Infringing Domain Name") containing the surnames of three of SCF's shareholders.

11. The Infringing Domain Name is identical to the Trademark.

12. Doe registered the Infringing Domain Name without the consent or authorization of SCF.  Doe registered, uses, and is trafficking in the Infringing Domain Name with the bad faith intent to profit, and for the purpose of harassing SCF and for preventing SCF from claiming ownership of the Infringing Domain Name.

13. Doe's bad faith intent is evident because (i) he has no intellectual property rights in the Infringing Domain Name; (ii) his legal name is not embodied in the Infringing Domain Name, and he is not otherwise commonly known by the Infringing Domain Name; (iii) he has not previously used the Infringing Domain Name in connection with the bona fide offering of any goods or services; (iv) he is using the Infringing Domain Name at a parking page on the GoDaddy website in a commercial manner, and Doe's use of the Infringing Domain Name is not a bona fide noncommercial or fair use; (v) Doe intends to divert consumers from SCF's website to a site accessible under the Infringing Domain Name that could harm the goodwill represented by the mark for commercial gain; (vi) Doe has provided material and misleading false contact information when applying for the registration of the Infringing Domain Name, and, upon information and belief, Doe's prior conduct indicates a pattern of such conduct; and (viii) upon information and belief, Doe has previously registered or acquired multiple domain names which

he knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, without regard to the goods or services of the parties.

14. At all relevant times, Proxy has been identified in the Whois records as the registrant/owner, administrative contact, billing contact and technical contact of the Infringing Domain Name.

## V.  CAUSES OF ACTION

### COUNT I

**(VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT)**

15. Doe registered, uses and trafficked in the Infringing Domain Name with the bad faith intent to profit from the Trademark.

16. The Trademark was distinctive at the time Doe registered the Infringing Domain Name, and it remains distinctive today.

17. The Infringing Domain Name was identical or confusingly similar to the Trademark at the time Doe registered the Infringing Domain Name, and it remains so today.

18. Doe's registration, use and trafficking in the Infringing Domain Name has caused, and will continue to cause, damages to SCF, and is causing irreparable harm where there is no adequate remedy at law.

19. SCF is entitled to temporary and injunctive relief, statutory damages of up to $100,00.00, and other damages for Doe's violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

20. SCF seeks an order from the Court ordering the transfer of the Infringing Domain Name to SCF.

## COUNT II

**(DECLARATORY JUDGMENT – DOMAIN NAME OWNERSHIP)**

21. An actual controversy has arisen and exists between SCF and Doe within the meaning of 28 U.S.C. § 2201.

22. By virtue of his registration of the Domain Name, Doe implicitly contends that he is the rightful owner of the Domain Name to the exclusion of SCF, and that SCF has no ownership rights in or to the Domain Name.

23. SCF seeks an order from the Court declaring that it is the sole owner of all right, title and interest in and to the Domain Name.

## COUNT III

**(FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a))**

24. Doe has used, and continues to use, the Trademark in connection with goods or services in interstate commerce in a manner that is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of the goods or services.  SCF has been damaged by Doe's conduct in an amount that is within the jurisdictional limits of the Court.   SCF is entitled to injunctive and equitable relief against Doe restraining and enjoining him and all others acting by, through, under or in concert with him from (a) using the Trademark or other SCF trademarks, trade names, or service marks in any manner; (b) registering any domain names that are identical or confusing similar to the Trademark or other trade names, trademarks or service marks of SCF, or which contain misspellings of the Trademark or other trade names, trademarks or service marks of SCF, or assisting, aiding or abetting any other person in engaging in any of the conduct described in sections (a) and (b).  SCF asks the Court to enter permanent injunctive relief by exercise of its

own equitable powers; and under all applicable statutes and rules of law.

## VI. **PRAYER**

26. SCF respectfully asks the Court to enter judgment against Doe as follows:

(i) Declaring that SCF is the sole and exclusive owner of all right, title and interest the Domain Name;

(ii) Temporary and permanent injunctive relief restraining Doe and all others acting by, through, under or in concert with him from (a) using the Trademark or other SCF trademarks, trade names, or service marks in any manner; (b) registering any domain names that are identical or confusing similar to the Trademark or other trade names, trademarks or service marks of SCF, or which contain misspellings of the Trademark or other trade names, trademarks or service marks of SCF, or assisting, aiding or abetting any other person in engaging in any of the conduct described in sections (a) and (b);

(iii) Ordering the transfer of the Infringing Domain Name to SCF;

(iv) Awarding to SCF all actual damages caused by Doe;

(v) Awarding to SCF exemplary damages against Liska and Surgery, jointly and severally, in an amount to be determined by the trier of fact;

(vi) Awarding to SCF reasonable and necessary attorney's fees pursuant to 15 U.S.C. § 1117 and all other applicable statutes and rules of law and equity;

(vii) Awarding to SCF all costs of court; and

(viii) Awarding to SCF all other relief to which they may be entitled.

        Respectfully submitted,

        By:  /s/   Henry J. Fasthoff, IV
             Henry ("Hank") J. Fasthoff, IV
             STUMPF CANNON FASTHOFF PC
             State Bar No. 24003510
             Federal Bar No. 22959
             832.615.4921 (direct voice)
             1177 West Loop South
             Suite 1300
             Houston, Texas 77027
             713.871.0919 (voice)
             713.871.0408 (fax)